IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVA JEANETTE BENTLEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-00032-L (BF) |
| | ) | ECF |
| MICHAEL ASTRUE, Commissioner of the | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff's Motion for Attorney Fees, filed March 27, 2011, is before the Court for recommendation pursuant to the District Court's Order of Reference. Plaintiff successfully appealed the denial of her claim for Social Security Income, and her claim was remanded to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for the purpose of conducting further administrative proceedings. Plaintiff seeks compensation for 57 hours and 30 minutes at $168.75 per hour for work performed by an attorney and 8 hours and 15 minutes at $95.00 per hour for work performed by a paralegal, for a total of $10,809.45 for attorneys fees and litigation expenses, including the time spent for litigating the attorney fees dispute.

The Equal Access to Justice Act ("EAJA") provides for fees and expenses for parties who prevail in a suit against the government:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). To avoid liability for payment of attorney fees under the EAJA, "the government has the burden of showing that its position in every stage of the proceedings was substantially justified by demonstrating that its action had a reasonable basis in both law and fact." *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988). Defendant does not contest Plaintiff's entitlement to attorney fees pursuant to the EAJA. Nor does it claim that its position was substantially justified or identify special circumstances that would make an award unjust. This Court finds that Plaintiff is entitled to reasonable attorney fees and expenses under the EAJA.

Further, Defendant does not object to the litigation expenses of $27.25 for postal expenses. The Court finds these expenses are reasonable and allowable. Plaintiff seeks an hourly rate of $168.75 for legal work performed by an attorney in 2010 and 2011. Additionally, Plaintiff seeks $95.00 per hours for paralegal work. These rates have consistently been approved in this District for work performed in 2010 and 2011, and Defendant raises no objection to the hourly rates. Accordingly, the Court finds that the hourly rate of $168.75 for an attorney and $95 for a paralegal should be allowed.

Defendant contends that the total number of hours claimed (57.5 hours for work performed by an attorney and 8.25 hours for work performed by a paralegal) is plainly excessive in light of the nature of the case and the work performed. (Resp. at 2.) Defendant argues that Plaintiff's counsel has expertise in the Social Security law field and should have been able to accomplish the same work in only 35 hours, instead of the 57.5 hours that he spent on this case. Defendant claims that the case did not involve issues of a difficult or novel nature and concerned issues that are routinely argued in Social Security cases. Specifically, Defendant contends that 37.33 attorney hours for work on briefs by an attorney experienced in Social Security law is excessive. Further, Defendant

specifically objects to the 12.66 hours that counsel spent reviewing and making notes on the record. Defendant contends that given counsel's representation of Plaintiff at the administrative hearing, he should have been relatively familiar with the essential facts and issues involved in this case. Defendant additionally makes specific objections to the paralegal time for administrative duties connecting with filing the case and briefs, and with receiving the answer and IFP order.

Defendant contends Plaintiff should receive no more for attorney fees than the fees awarded in the typical Social Security disability case and gives a number of awards in other cases as examples. Defendant suggests that a fee of $5,906.24 is a reasonable fee award in this case. Alternatively, Defendant requests "a significant reduction" in the amount that has been requested.

Plaintiff has responded to Defendant's objections. Plaintiff's counsel contends that the requested fees reflect legal work reasonably and necessarily expended on Plaintiff's behalf.

A Court may order compensation under the EAJA only for attorney hours that were reasonably expended on the case. 28 U.S.C. § 2412(d)(2)(A). Additionally, the Court should consider the factors announced in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] *See Hall v. Shalala*, 50 F.3d 367, 368 (5th Cir. 1995).

This Court is extremely familiar with this appeal and with the time and labor required, the novelty and difficulty of the questions, and the skill required to perform the legal services properly.

---

[1] The factors enumerated in *Johnson* are: "(1) the time and labor required; (2) the novelty and difficult of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Johnson*, 488 F.2d at 717-19.

Defendant's objections to Plaintiff's counsel's request based on excessiveness in general and excessive briefing in particular, other over preparation, and the contention that the issue were routine and easy are not well taken.  Additionally without merit are the objections that an attorney with counsel's expertise in the subject matter who had represented Plaintiff at the administrative level should have taken much less time reviewing the administrative record.

The Court finds that Counsel had to apply detailed attention to the case to find and to cogently present the numerous errors and to convince the Court that the errors required remand. The 25-page brief covered 3 major issues with 5 sub issues.  Counsel for the government did not confess any of the errors, and in fact, took the position that one egregious error was a typographical error.  Counsel was required to file a Reply brief to address issues in the Response.  All of the briefs that Plaintiff filed greatly assisted the Court in reaching a decision on its recommendation to the District Court.  Further, the Court agrees with Plaintiff's counsel that despite his having been present at the administrative review and despite his expertise in the Social Security field, this was not an "average" case that would have required an "average" amount of time.  Counsel would have been remiss had he not reviewed the entire 500 page record thoroughly, despite his representation of Plaintiff at the administrative level.

The Court has scrutinized the itemized fees in this case to ensure that counsel has made a good faith effort to exclude excessive, redundant, or otherwise unnecessary fees.  The Court finds that counsel reasonably and necessarily expended 57.5 hours in this case.  The number of hours spent briefing the issues was also reasonable and necessary.  Further, Defendant's objections to the nominal amounts of paralegal time are without merit.  With respect to Defendant's broad objection to the remaining fees, the Court finds that although the amount sought is greater than those awarded

in the average Social Security appeal, this was not an average case. Plaintiff's medical conditions were numerous and complex, as were the legal issues. The appeal was well presented which accounts for the success of the appeal. The results obtained were excellent, justifying a fully compensatory fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 429 (1883). The Court finds that compensation for 57 hours and 30 minutes at $168.75 per hour and 8 hours and 15 minutes at $95.00 per hour, for a total of $10,809.45 (including $27.25 in mailing costs) would be reasonable compensation under the EAJA. Despite Plaintiff's request that the fees be paid directly to counsel pursuant to an assignment from Claimant, the Court is bound by United States Supreme Court precedent to direct that the attorney fees award in its entirety be paid directly to Plaintiff. *Astrue v. Ratliff*, __U.S. __; 130 S. Ct. 2521 (2010).[2]

### Recommendation

The Court recommends that the District Court overrule Defendant's objections and grant Plaintiff's Motion for Attorney Fees (doc. 23). The District Court should award Plaintiff reasonable attorney fees in the amount of $10,809.45.

So Recommended, June 15, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the Court could determine if Plaintiff has assigned his right to an EAJA award to his lawyer, the Court is not in a position to know if Plaintiff is indebted to the Government, which would directly affect whether his lawyer is entitled to none, some, of all of the attorney fees. Therefore, the Court should award the EAJA fees to Plaintiff.